# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| EUGENE SMITH, | Case No. 1:13-CR-0004 (1:14-CV-307) |
| Petitioner, | Judge Michael R. Barrett |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## OPINION & ORDER

This matter is before the Court on Petitioner Eugene Smith's April 10, 2014 Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 30), the Government's Response (Doc. 43), and Petitioner's Reply (Doc. 44). Also before the Court is the July 17, 2015 Motion to Vacate, Set, Aside, or Correct Sentence (Doc. 45) and the Government's Response (Doc. 46). Petitioner, through Court-appointed counsel, also filed a Supplemental Memorandum in Support of Motion to Vacate (Doc. 49). Petitioner also filed a Supplemental Motion, which he asserts is related to his original 2255 Motion (Doc. 50). For all the reasons indicated herein, the Court **DENIES** Petitioner's April 10, 2014 Section 2255 Motion and Petitioner's July 27, 2015 Section 2255 Motion.

## I.  PRIOR PROCEEDINGS

A federal grand jury indicted Eugene Smith as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) on January 16, 2013. (Doc. 2, PageID 2). Additionally, the federal grand jury returned an indictment against Smith for a sentence enhancement under the Armed Career Criminal Act ("ACCA") pursuant to 18 U.S.C. § 924(e). (Id.). The charges arose because Petitioner was caught with a loaded revolver in an attempt to flee a Cincinnati Police Officer following a traffic stop. (Doc. 21, PageID 81). Petitioner already had several felony

convictions in his past, including three counts of Aggravated Robbery with gun specifications. (Id). The ACCA indictment was predicated on 18 U.S.C. § 924(e)(2)(B).

Petitioner's three Aggravated Robbery convictions served as requisite violent felonies under the ACCA. (Doc. 49, PageID 235). The three robberies occurred in different locations on the same day, but were charged in the same indictment. (Doc. 49-1, PageID 247-49). Petitioner filed motions to dismiss both the indictment and the ACCA enhancement. (Doc. 13 and Doc. 14, respectively). In the Motion to Dismiss ACCA Enhancement, Petitioner asserted first that the three robberies constituted only one incident, not three separate crimes, and second that the residual clause of the ACCA is unconstitutionally vague. (Doc. 14, PageId 35). However, on March 21, 2013, before the undersigned issued a ruling, Petitioner entered a guilty plea. (*See* Doc. 20).

At the plea hearing, Petitioner indicated that he reviewed the indictment with his attorney, and that his attorney had advised him of the maximum possible penalties, the substance of the government's case, and possible defenses. While under oath, Petitioner indicated he understood the plea agreement and he was not forced or pressured to enter into the agreement.

The plea agreement called for a 120-month term of imprisonment. (Doc. 21, PageID 78). In contrast, the statutory sentencing range provided for a mandatory minimum sentence of fifteen years and a possible maximum sentence of life imprisonment. (Id. at PageID 76). On September 12, 2013, this Court ultimately sentenced Petitioner to 114 months imprisonment, crediting Petitioner for the six months that he had already served. (Doc. 28, PageID 95). At sentencing, the court advised Petitioner of his right to appeal. Petitioner did not appeal.

Less than a year later, on April 10, 2014, Petitioner filed a 28 U.S.C. § 2255 motion to vacate his sentence. (Doc. 30). In the motion, the *pro se* Petitioner asserted an ineffective

assistance of counsel claim. (Doc. 30, PageID 108). On July 17, 2015, Petitioner moved to amend his Motion to Vacate to include a claim that his classification as an Armed Career Criminal was unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 45). Court-appointed counsel for Petitioner filed a Supplemental Memorandum in Support of Motion to Vacate on May 5, 2016. (Doc. 49).

## II.     2255 STANDARD

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (citing *Weinberger v. U.S.*, 268 F.3d 346, 351 (6th Cir. 2001), *cert. denied*, 535 U.S. 967).

## III.    FIRST SECTION 2255 MOTION

In his first Section 2255 motion, Petitioner claims errors of constitutional magnitude due to ineffective assistance of counsel. First, Petitioner claims that his counsel provided ineffective assistance in violation of the Sixth Amendment. Specifically, Petitioner claims that counsel failed to adequately advise him of plea negotiations, sentence exposures, and full information needed to make a knowing and intelligent decision whether to enter a plea or risk trial. Second, Petitioner alleges his counsel provided ineffective assistance of counsel by allowing him to enter a plea to an "erroneous and illegal sentence imposed unconstitutionally." Specifically, he contends that his 2010 aggravated robbery convictions cannot be counted as three separate convictions because they were related and consolidated for sentencing purposes.

A petitioner claiming ineffective assistance of counsel must show that his attorney's performance was so inadequate as to violate his Sixth Amendment rights. *Strickland v.*

*Washinton*, 466 U.S. 668, 687 (1984). The two-prong test set forth in *Strickland v. Washington* governs claims of ineffective assistance of counsel arising from a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Under the first prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 56. Under the second prong, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 58.

Having reviewed this matter, the Court finds Petitioner's theories lack merit. First, the record shows Petitioner was informed of the consequences of his plea. "For a plea to be intelligent and knowing, the trial court must ensure that the defendant is 'aware of the direct consequences of the plea.'" *Boyd v. Yukins*, 99 F. App'x 699, 702-03 (6th Cir. 2004) (quoting *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994)). Therefore, the defendant "must be informed about any mandatory minimum sentences, which may impact the defendant's decision to plead guilty." *Id.* "A defendant's statements on the record during a plea colloquy that he or she understands the nature and the consequences of the plea provide strong evidence that a plea was intelligent and knowing." *Id.* Here, the record demonstrates that Petitioner was informed of the potential sentencing exposure, the charges, and the potential defenses. It also demonstrates that Petitioner indicated on the record during the plea hearing that he understood the nature and consequences of the plea, and entered into the plea voluntarily.

Second, Petitioner's underlying offenses involved separate victims at separate locations. The Sixth Circuit has explained that:

> It is well-settled that "court may not impose more than one sentence upon a defendant for violations of section 924(c) which relate to but one predicate offense." *United States v. Sims*, 975 F.2d 1225, 1233 (6th Cir. 1992). However, "[w]e have upheld multiple convictions and sentences under 18 U.S.C. § 924(c)(1) so long as such convictions are based on separate predicate acts." *United States v. Graham*, 275 F.3d 490, 519-20 (6th Cir. 2001).

4

*United States v. Angeles*, 484 F. App'x 27, 34 (6th Cir. 2012). The Sixth Circuit has explained further that "[i]t is clear that when predicate offenses consist of non-identical conduct and are not committed simultaneously, these offenses are separate predicate acts that can support multiple convictions under 18 U.S.C. § 924(C)." *Id.* The fact that Petitioner's offenses were consolidated for sentencing or for concurrent sentences is immaterial for ACCA enhancement purposes. *United States v. Martin*, 526 F.3d 926, 939 (6th Cir. 2008) (citing *United States v. Warren*, 973 F.2d 1304 (6th Cir. 1992)).

Finally, the Court notes that Petitioner received a lower sentence than the applicable statutory range at the time of sentencing. His counsel effectively helped him secure such sentence. There is simply nothing in the record demonstrating that counsel's performance fell under an objective standard of reasonableness.

Because Petitioner has not shown that his counsel's performance fell below an objective standard of reasonableness, the Court finds it unnecessary to address the issue of prejudice. *See Strickland*, 466 U.S. at 694 (directing that courts needs not address both components of the inquiry "if the defendant makes an insufficient showing on one").

For the foregoing reasons, the Court concludes that Petitioner is not entitled to habeas relief based upon a claim of ineffective assistance of counsel.

## IV. SECOND SECTION 2255 MOTION[1] AND SUPPLEMENTAL MEMORANDUM IN SUPPORT

The Petitioner sets forth two arguments attacking his sentence under the ACCA. First, he contends that his guilty plea should be set aside because it was not knowingly and voluntarily made and thus violated his constitutional rights. Second, he argues that even if this Court does

---

[1] Although not addressed by the parties, the Court finds that Petitioner's second Section 2255 motion is not a second or successive petition under 28 U.S.C. § 2255(h), as it was filed before the adjudication of the initial § 2255 motion was complete. *Clark v. United States*, 764 F.3d 653, 658-59 (6th Cir. 2014).

not set aside the plea deal, he should be re-sentenced without the Armed Career Criminal designation.

Both claims hinge on the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause of the ACCA is void for vagueness and thus unconstitutional pursuant to the Fifth Amendment's guarantee of due process. *Id.* at 2563. The Petitioner argues that if the residual clause is unconstitutional, then the Petitioner's previous Aggravated Robbery convictions do not qualify as predicate violent felonies under the ACCA. Thus, the Petitioner is not an Armed Career Criminal. From this conclusion, the Petitioner asserts that his plea was neither knowing nor voluntary because he agreed to the plea under the belief that he faced sentencing exposure under the ACCA sentencing guidelines. Petitioner cites case law to support his contention that a plea agreement entered into upon the advice of counsel predicated on a statutory sentencing regime that is later invalidated by a Supreme Court ruling was not knowingly and voluntarily made. *See United States v. Hogg*, 723 F.3d 730 (6th Cir. 2013).

The Supreme Court has confirmed that *Johnson* announced a substantive rule and is retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Therefore, *Johnson* applies to this case.

Although *Johnson* applies to this case, the holding only invalidated one avenue of arriving at the Armed Career Criminal designation: the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii). The ACCA states in relevant part:

> Any crime punishable by imprisonment for a term exceeding one year . . . that
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

6

> (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B). The italicized portion is known as the residual clause. The holding left intact 18 U.S.C. § 924(e)(2)(B)(i), the so-called elements clause. *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony"). Petitioner asserts that his Aggravated Robbery convictions could only qualify as a predicate violent felony under the residual clause, not under subsection (i). For this contention the Petitioner relies on a Northern District of Ohio case. *United States v. Patterson*, 2015 U.S. Dist. LEXIS 129256 (N.D. Ohio Dec. 25, 2015) (holding that Ohio's Aggravated Robbery statute is not covered by subsection (i) of the ACCA).

At the time Petitioner's memorandum was filed, the Sixth Circuit had not yet weighed in on this issue. However, since then, the Sixth Circuit has reversed the court's holding in *Patterson*. The Sixth Circuit expressly held that "Ohio Rev. Code § 2911.01(A)(1) [Ohio's Aggravated Robbery statute] qualifies as a violent felony . . . ." *United States v. Patterson*, 853 F.3d 298, 305 (6th Cir. 2017). Because Ohio's Aggravated Robbery statute requires proof of "the use, attempted use, or threatened use of physical force," Aggravated Robbery satisfies subsection (i) of the ACCA. *Id.* at 303.

In light of the Sixth Circuit's ruling in *Patterson*, Petitioner's arguments both fail. Although Petitioner's three Aggravated Robbery convictions cannot qualify as violent felonies under the ACCA's residual clause, the convictions do satisfy subsection (i). *See Id.* at 303. Therefore, he was correctly convicted as an Armed Career Criminal. Petitioner's first argument fails because counsel, this Court, and the government did not materially overstate Petitioner's sentencing exposure under the ACCA. No basis exists for a finding that the plea was not

7

knowing and voluntary. The second argument – that he should be resentenced without the Armed Career Criminal designation – fails because he meets the criteria for the Armed Career Criminal designation. Therefore, Petitioner is not entitled to the requested relief under 28 U.S.C. § 2255.

V. **CONCLUSION**

Pursuant to Title 28 U.S.C. § 2255, the Court finds that the motions, files, and records of this case conclusively show that Petitioner is not entitled to relief. Therefore, a hearing is not necessary to determine the issues and make the findings of fact and conclusions of law with respect thereto. *Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003). The claims raised are conclusively contradicted by the record and the well-settled law of the Sixth Circuit and the United States Supreme Court. Accordingly, Petitioner's first and second Motion to Vacate pursuant to 28 U.S.C. § 2255, and his Supplemental Motion (Docs. 30, 45, 50) are hereby **DENIED**.

**IT IS SO ORDERED.**

   s/*Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court